IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01688-NYW-SKC

JOSHUA F. YOUNG,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
MOSES "ANDRE" STANCIL, and
JILL HUNSAKER RYAN,

    Defendants.

---

## ORDER ADMINISTRATIVELY CLOSING CASE

This matter is before the Court on Plaintiff's Response to July 18, 2023 Order to Show Cause [Doc. 19] and Defendants' Response in Support of the July 18, 2023 Order to Show Cause [Doc. 22].

### BACKGROUND

This Court set forth the factual and procedural background of this case in its Order to Show Cause, *see* [Doc. 14], and repeats that background here only as necessary for purposes of this Order. Plaintiff Joshua F. Young ("Plaintiff" or "Mr. Young") initiated this civil action on June 30, 2023. *See* [Doc. 1]. This case is substantially similar to a case filed by Mr. Young last year: *Young v. Colorado Department of Corrections et al.*, District of Colorado Case No. 22-cv-00145-NYW-KLM (the "2022 case"). *Compare* [Doc. 1] *with* [ECF No. 15].[1] In the 2022 case, Mr.

---

[1] When citing to docket entries in the 2022 case, the Court uses the convention [ECF No. __]. When citing to docket entries in this case, the Court uses the convention [Doc. __].

Young asserted two claims arising out of his prior employment with the Colorado Department of Corrections: a hostile work environment claim under Title VII, and a Fourteenth Amendment equal protection claim pursuant to 42 U.S.C. § 1983. [ECF No. 15 at ¶¶ 53–82]. The defendants in the 2022 case filed a motion to dismiss, *see* [ECF No. 18], which this Court granted, dismissing without prejudice Plaintiff's hostile work environment claim for failure to state a claim and Plaintiff's equal protection claim based on lack of subject matter jurisdiction. [ECF No. 46]. Plaintiff appealed the Court's decision, *see* [ECF No. 48], and the appeal of the 2022 case remains pending before the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). In the instant case, Plaintiff raises four claims: a Title VII hostile work environment claim; a hostile work environment claim under 42 U.S.C. § 1981; a constructive discharge claim; and a Fourteenth Amendment equal protection claim. [Doc. 1 at ¶¶ 98–173].

On July 18, 2023, this Court entered an Order to Show Cause acknowledging the similarities between this case and the 2022 case and ordered Plaintiff to show cause why this case should not be administratively closed pending the appeal of the 2022 case. *See* [Doc. 14]. Specifically, the Court acknowledged the potential difficulties that may arise if this case is permitted to proceed while virtually identical claims are pending before the Tenth Circuit. [*Id.* at 2–3]. The Court noted its belief that "judicial economy would best be served by staying this case pending the resolution of the Tenth Circuit appeal." [*Id.* at 3].

Mr. Young responded to the Order to Show Cause on July 28, 2023, asserting that this case should not be administratively closed and should instead proceed through discovery, despite the pending appeal. [Doc. 19]. First, Mr. Young primarily contends that the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006) (the "*String Cheese* factors"), which courts typically consider when

determining whether to stay discovery pending resolution of a dispositive motion, do not weigh in favor of administrative closure. [*Id.* at 3–12].[2] Then, he argues that there is no good cause supporting administrative closure of this case. [*Id.* at 12–15]. And finally, Mr. Young asserts that administratively closing this case "would present unnecessary hurdles to resolving this case on the merits" because it would "put [him] in a position to immediately move to re-open the case for good cause," and if that motion to re-open were denied, "he would then be pressed to file a second appeal to the Tenth Circuit," causing the Parties to "litigat[e] two independent Tenth Circuit appeals." [*Id.* at 15–16]. He insists that "[i]t is preferable to avoid this unnecessary loop in the proceedings." [*Id.* at 16].

The Court then ordered Defendants to file a response, and they did so on August 11, 2023. [Doc. 22]. In their Response, Defendants contend that administrative closure of this case is appropriate because the instant case reflects improper "claim-splitting." [*Id.* at 2, 5]. Defendants also contend that the *String Cheese* factors weigh against administrative closure. [*Id.* at 4–11]. The Court considers the Parties' arguments below.[3]

## ANALYSIS

Under Local Rule 41.2, "[a] district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.COLO.LCivR 41.2. When a court

---

[2] The *String Cheese* factors include: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, 2006 WL 894955, at *2.

[3] In his Response, Plaintiff requests that the Court hold oral argument prior to ruling whether this case must be administratively closed. [Doc. 19 at 2]. The Local Rules and the undersigned's Civil Practice Standards require that all requests for the Court to take some action must be made in a separate filing designated as a motion. *See* D.C.COLO.LCivR 7.1(d); Civ. Practice Standard 7.1A(a)(4). In any event, the Court concludes that oral argument would not assist the Court in ruling on the issue of administrative closure.

3

administratively closes a case, the closure generally operates as "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 & n. 2 (10th Cir. 1987). "Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation marks and citation omitted). Administrative closure does not constitute an adjudication on the merits of a given case, but rather operates as a mechanism to allow a court to efficiently manage its docket. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). Indeed, "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.*

While the Parties raise arguments applying the *String Cheese* factors, *see* [Doc. 19 at 3; Doc. 22 at 4], the Court respectfully disagrees that these factors guide the Court's decision here. The *String Cheese* factors are highly relevant in determining whether to stay discovery in a case when there is a dispositive motion pending before the court; courts applying the *String Cheese* factors in this context seek to strike a balance between the plaintiff's interests in proceeding with the litigation and the defendant's competing interests in avoiding the costs and burdens of discovery when the case may be fully resolved on the pending motion. *See, e.g.*, *String Cheese Incident*, 2006 WL 894955, at *2 ("I find that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."); *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012) ("[T]here is a distinct possibility that the discovery efforts of Defendants (and, in truth, Plaintiff) may be wasted entirely if the case does not survive early dismissal."). But here, as indicated in the Order to Show Cause, the Court's primary concern is the logistical and procedural difficulties that would inherently arise in

permitting what are essentially duplicative lawsuits to proceed in two separate courts at two separate levels.  *See* [Doc. 14 at 3].

It is well-settled that district courts lose jurisdiction over a case when a notice of appeal is filed, so as to "prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously."  *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988).  These concerns are equally present here.  If the Tenth Circuit affirms this Court's dismissal of the 2022 case, this Court and the Parties will have authoritative guidance that is directly on point and relevant to the litigation of the claims in this case, including but not limited to the resolution of any dispositive motions that could be filed by Defendants.  Each Party would have the benefit of the Tenth Circuit's ruling to argue in favor of or against the merits of Mr. Young's claims.  Mr. Young does not meaningfully address how such a decision would or would not impact ongoing litigation in this case, instead asserting only that because there are differences between the two lawsuits, some of his claims "are presently ripe for review in this action."  *See* [Doc. 19 at 6].  On the other hand, if the Tenth Circuit reverses and remands the Court's decision in the 2022 case, Mr. Young will have two active cases in this District based on the same factual predicate and containing identical claims.  Mr. Young does not adequately address how a Tenth Circuit decision reversing the Court's dismissal and reinstating the 2022 case would affect *this* litigation or otherwise indicate how he would elect to proceed in either case in this circumstance.  *See generally* [*id.*].  Nor has Mr. Young directed the Court to any case law in which a plaintiff was permitted to re-file his claims at the trial-court level while those same claims, asserted in a different lawsuit, were pending at the appellate level.

Mr. Young elected to appeal this Court's dismissal of the 2022 case, instead of seeking leave from this Court to re-open the 2022 case and seeking leave to file the instant operative

5

pleading. In doing so, he chose to present his claims on the underlying facts, and this Court's dismissal of those claims, to the Tenth Circuit for review. He cannot now seek to pursue those same claims, or substantially similar claims, in this District while the appeal of those claims remains pending. *Cf. Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."). Nor is the Court persuaded by Mr. Young's argument that, based on his predicted timeline for resolution of his appeal, administrative closure would cause prejudicial delay to the adjudication of his claims. *See* [Doc. 19 at 16–17]. Mr. Young presumably knew of the expected appellate timeline when he chose to file his appeal, and he cannot claim prejudice based on his own litigation choices.

Mr. Young also argues that administrative closure is not appropriate because the Tenth Circuit appeal will not resolve the claims he has asserted for the first time in this lawsuit. *See* [*id.* at 5–6]. But in deciding whether to exercise its inherent power to stay—or in this case, administratively close—a case, this Court finds that permitting Mr. Young to proceed in this action with respect to these two new claims undermines, rather than promotes, judicial economy. *See Dirtt Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DBB DBP, 2021 WL 3726604, at *2 (D. Utah Aug. 23, 2021) ("The factor of judicial economy is 'measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"). The discovery associated with the new claims and the ones on appeal are likely to substantially overlap, and any disputes with respect to the scope of discovery are more properly addressed once this Court understands the scope of all of the claims before it—subject to any rulings by the Tenth Circuit.

The Court finds that administrative closure of this case, pending the Tenth Circuit appeal, is appropriate and in the interest of judicial economy. This Court cannot effectively and efficiently manage a case in which essentially identical claims on identical facts are pending before another, higher court. While Mr. Young asserts that administratively closing this case would "prolong[] the life of [the] case on the Court's desk, and waste[] its valuable time and attention," [Doc. 19 at 8], the Court finds the opposite to be true—administratively closing this case will simply "remove [the] case from the court's active docket," *Lehman*, 166 F.3d at 392, permitting the Court to set the case aside until the Tenth Circuit resolves the pending appeal, which will likely provide this Court and the Parties with helpful guidance for the resolution of this case *and* will eliminate the risk of inconsistent rulings. The Court respectfully disagrees with Mr. Young that the Tenth Circuit's "guidance is not necessary to allow this case to proceed." [Doc. 19 at 12]. Given that Defendants have suggested they may file a motion to dismiss in the instant case, *see* [Doc. 22 at 8], it would make little sense to permit this litigation to proceed, potentially necessitating a ruling on another motion to dismiss, when the Court could alternatively wait for the Tenth Circuit to resolve the pending appeal, the resolution of which could materially impact this case. Accordingly, the Court is respectfully unpersuaded by Plaintiff's arguments, and the Court finds good cause to administratively close this case pursuant to Local Rule 41.2.

Finally, the Court notes that Mr. Young has indicated that if the Court administratively closes this case, he will "immediately move to re-open the case," and if that motion to re-open is denied, he will appeal the denial of the motion to re-open to the Tenth Circuit. [Doc. 19 at 15–16]. While the Court acknowledges that "good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review," *Patterson*, 631 F. App'x at 534, the mere fact that Mr. Young wishes to litigate his claims will not constitute good cause to

7

re-open the case. The Court expressly advises the Parties that, based on the reasons necessitating administrative closure of this case, the Court will not find that good cause exists to re-open this case until the appeal before the Tenth Circuit has been resolved.

Accordingly, for the reasons set forth herein, it is **ORDERED** that:

(1) This case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, pending the conclusion of the appeal in the 2022 case; and

(2) This case may be re-opened by **motion** of any Party for good cause shown. **The Parties are advised that the Court will not find good cause to re-open this case while the appeal of the 2022 case remains pending.**

DATED: August 22, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge