IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01688-NYW-SBP

JOSHUA F. YOUNG,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
MOSES STANCIL, a.k.a. Andre, and
JILL HUNSAKER RYAN,

    Defendants.

---

**ORDER DENYING MOTION TO STAY DISCOVERY**

---

**Susan Prose, United States Magistrate Judge**

Plaintiff Joshua F. Young brings this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Defendants the Colorado Department of Corrections ("CDOC"), Moses Stancil, and Jill Hunsaker Ryan (collectively, "Defendants"). This matter is before the court on Defendants' Motion to Stay Discovery, ECF No. 38 ("Motion to Stay"), and Mr. Young's Motion for a Hearing on Defendants' Motion to Stay Discovery, ECF No. 48 ("Motion for Hearing"), after both Motions were referred to this court by United States District Judge Nina Y. Wang pursuant to 28 U.S.C. § 636(b). ECF Nos. 39, 49.

For the reasons below, the court **DENIES** both Motions.

## BACKGROUND

**I.**     **Factual and Procedural History**

Mr. Young is a former CDOC employee whose claims center on an online Equity,

1

Diversity, and Inclusion ("EDI") training he received while a corrections officer at CDOC. *See generally* ECF No. 34. Mr. Young alleges that this training created a hostile work environment so severe that it resulted in his constructive discharge when he opted to resign from his position in July 2021. *Id.*

Mr. Young previously brought claims based on nearly identical facts against CDOC, Ms. Ryan, and several other defendants in *Young v. Colo. Dep't of Corrs., et al.*, No. 22-cv-00145-NYW-KLM ("*Young I*"). In that case, Mr. Young raised hostile work environment and equal protection claims. *See* ECF No. 15 in *Young I*. After filing their motion to dismiss, the *Young I* defendants also sought a stay of discovery, ECF No. 19 in *Young I*, which the court granted, ECF No. 43 in *Young I*.[1]

Later, the court granted the defendants' motion to dismiss and entered judgment dismissing *Young I* without prejudice. ECF Nos. 46, 47 in *Young I*. Mr. Young appealed to the Tenth Circuit Court of Appeals. ECF No. 48 in *Young I*. Mr. Young filed this suit on June 30, 2024, and while *Young I* was still pending before the Tenth Circuit, ECF No. 1, prompting the court to administratively close this case pending the Tenth Circuit's ruling, ECF Nos. 24, 25. The Tenth Circuit issued its decision on March 11, 2024. ECF No. 58 in *Young I*; 94 F.4th 1242 (10th Cir. 2024). The court reopened this case on April 9, 2024, ECF No. 38. Mr. Young filed his Amended Complaint on June 3, 2024, ECF No. 34.

On July 3, 2024, Defendants moved to dismiss the Amended Complaint for failure to

---

[1] While this court respectfully acknowledges that a stay was entered in *Young I*, this court is obliged to undertake an independent review of the question, based on the circumstances in play at this time. For the reasons set forth herein, the court finds that a stay is not warranted at this time.

2

state a claim, ECF No. 35 ("Motion to Dismiss"). Two weeks later, Defendants filed their Motion to Stay, ECF No. 38. Mr. Young responded, ECF No. 42 ("Response"), and Defendants filed a reply, ECF No. 46 ("Reply").

## II.     The Parties' Arguments

The parties' briefing on the Motion to Stay focus on what are known as the *String Cheese* factors that courts in this District ordinarily consider when deciding whether to stay discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Those factors are: 1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *Id.*

Defendants argue that a stay of discovery is warranted for the same reasons that the court noted in the *Young I* order staying discovery. Specifically, Defendants argue that Mr. Young's interests in proceeding expeditiously with discovery are reduced given that he has found new employment since leaving his position at CDOC and does not seek reinstatement to his previous position. Motion to Stay at 5. Defendants also emphasize the burdens they would face if this case were to proceed to discovery. *Id.* They note that the court's ruling on their Motion to Dismiss may resolve this matter entirely and therefore they should not be made to expend resources with the possibility of dismissal looming. *Id.* at 4-5. Similarly, they point to the possibility of complete dismissal in arguing that a stay would be more convenient for the court. *Id.* at 5-6. As for the interests of others not directly involved in this matter, Defendants insist that there are no non-parties with a meaningful interest in this case. *Id.* at 6. Lastly, Defendants maintain that a

3

stay would further the public interest by conserving judicial resources and promoting judicial economy. *Id.*

Mr. Young, of course, views things differently. As a preliminary matter, he notes that stays are generally disfavored when the primary reason for the stay is a pending dispositive motion. Response at 8. He also recites aspects of the Tenth Circuit's decision in *Young I*, which he views as favoring his chances that his claims will survive Defendants' Motion to Dismiss. *Id.* at 8-9.

Regarding the *String Cheese* factors, he says that all weigh against a stay. First, Mr. Young stresses that the events relevant to his claims occurred between February and July 2021 and that his ability to prove his claims with supporting evidence dwindles the longer discovery is delayed. *Id.* at 10. He also raises the specter of Defendants not putting in place adequate retention policies or similar measures to ensure the preservation of evidence and argues that this too signals a heightened need for immediate discovery. *Id.* at 10-11. Further, Mr. Young insists that the relief requested in his Amended Complaint contemplates reinstatement. *Id.* at 10 n.3.

Second, Mr. Young notes that Defendants have not identified how discovery will result in undue—rather than ordinary—prejudice. *Id.* at 11. He then argues that a stay would actually increase the burden on Defendants since each passing day brings with it a greater risk that evidence is lost or spoliated. *Id.* at 12-13. Third, Mr. Young submits that a stay would inconvenience the court by "needlessly kick[ing] this case down the road once more." *Id.* at 13.

Fourth, Mr. Young rejects Defendants' argument that non-parties have minimal or no interest in this case. He claims that there may be other individuals in CDOC who face treatment similar to what he has alleged and who would benefit from a full adjudication of this case. *Id.*

4

at 14-15. He goes on to mention that non-parties such as former colleagues would be hurt by a stay because "[m]any of these individuals have vital evidence to offer in this case, but have not been able to provide that evidence, or close the book on this chapter of their career, for over 3 years." *Id.* at 15.

Lastly, Mr. Young makes two points for why the public interest favors discovery. Mr. Young's first point is that the public always has an interest in the timely resolution of claims and especially those alleging civil rights violations. *Id.* at 15-16. Mr. Young's second point is that, as a result of the Tenth Circuit's decision in *Young I*, his case has garnered attention across the country. *Id.* at 16-18. He says that his case "is being closely watched by the public, corporate entities, and employment law practitioners across the country because of its broader impact on whether employers may get away with using deeply racist training materials under Title VII." *Id.* at 16.[2]

In their Reply, Defendants first ask the court to take a "preliminary peek" at the merits of their Motion to Dismiss. Reply at 2. In essence, they see the merits—especially given the dismissal of *Young I*—as all the more reason for the court to hold off on authorizing discovery. *Id.* Next, Defendants argue that any prejudice to Mr. Young caused by a stay would be of his own making. *Id.* at 5. Defendants insist that it is Mr. Young who is to blame for the unnecessary delay of which he complains, citing the fact that he chose to appeal the dismissal of *Young I* and then filed this action rather than simply seeking leave to amend in *Young I*. *Id.* at 5-6. They rely on

---

[2] In the event the court were inclined to issue a stay, Mr. Young proposes a partial stay of discovery wherein certain discovery could still move forward. Response at 18-19. Defendants reject this proposal and insist on a blanket stay of discovery. Reply at 10.

5

this same argument to refute Mr. Young's contention that a stay would only increase their burden in the event that his claims survive the Motion to Dismiss, attributing any such added burden to his litigation decisions. *Id.* at 7-8.

The court, in its discretion, does not find that oral argument will assist in the court's resolution of the Motion to Stay and therefore the Motion for Hearing is **DENIED**.

## LEGAL STANDARDS

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to dismiss is pending, Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), but "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party," *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). Ordinarily a stay is viewed more favorably in cases raising threshold questions of immunity and jurisdiction—issues that are required to be resolved at the earliest

6

stages of litigation. *See, e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues"). The decision to stay discovery always rests firmly in the sound discretion of the trial court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

As previously noted, in deciding whether to stay discovery, courts in this District typically consider five factors, known as the *String Cheese* factors: 1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *String Cheese Incident, LLC*, 2006 WL 894955, at *2.

## ANALYSIS

For the reasons set forth below, the court concludes that, on balance, the *String Cheese* factors do not support a stay of discovery in this case.

***Plaintiff's Interests in Proceeding Expeditiously***. In the typical case, a plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously." *Sanchez v. City and Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). Here, Mr. Young has raised several valid concerns that a stay would reduce his ability to support his claims. The court shares Mr. Young's concern regarding witnesses. At this juncture, the events giving rise to Mr. Young's claims occurred more than three years ago. This passage of time increases the risk that witnesses may no longer be available or that their memories will fade. Further, the Amended Complaint does not rule out the possibility that Mr. Young will seek reinstatement to

7

his former position. Yet, while Mr. Young seems especially perturbed by the possibility that Defendants have not instituted proper evidence preservation measures, the court is less concerned. CDOC is a frequent litigant whom the court has no reason to doubt has implemented adequate retention policies. Moreover, Mr. Young has already identified the potential remedies should there be some shortcoming in that regard. *See* Response at 8.

The court does not find Defendants' counterargument persuasive. Defendants assert that the concerns noted above are largely of Mr. Young's own making. Defendants maintain that Mr. Young could and should have brought the claims alleged here in *Young I*, either before or after the court's dismissal in that case. Even if the court were to fully agree, though, this argument does not compel the conclusion that a stay will not prejudice Mr. Young. Upon the dismissal of his claims in *Young I*, Mr. Young was faced with the choice of whether to seek leave to amend and leave an unfavorable ruling unchallenged, or to appeal that unfavorable ruling at the expense of delaying discovery. There is no doubt that Mr. Young had the legal right proceed in the manner he did. But Defendants would have the court hold Mr. Young's exercise of that right against him. The court respectfully declines to do so. Mr. Young availed himself of a legal right; the court will not discount his concerns because he chose to do so.

Thus, the court finds that Mr. Young has a meaningful interest in proceeding expeditiously with discovery and that the first factor weighs significantly against a stay.

**The Burden on Defendants**. The second *String Cheese* factor assesses whether discovery would place an *undue* burdens on a defendant, and the ordinary discovery burdens associated with litigation generally do not constitute an undue burden. *See, e.g.*, *Collins v. Ace Mtg. Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008).

8

Still, courts have found that discovery could pose an undue burden when a motion to dismiss might dispose of a case in its entirety. *See Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2021 WL 3812167, at *2 (D. Colo. Apr. 26, 2021). This court recognizes that Defendants' Motion to Dismiss—if granted—would do just that, and so Defendants have demonstrated that they will face at least *some* burden if the court were to permit discovery before the Motion to Dismiss is resolved.

However, Defendants' attempt to magnify their particular burden is unavailing. As they see it, the burdens of discovery are greater here, not just because their Motion to Dismiss might be dispositive of the entire case, but also because they prevailed in Mr. Young's previous action, both in this court and the Tenth Circuit. In making this point, Defendants invite this court to consider the merits of Mr. Young's claims.[3]

Judges in this District are not of one mind as to the propriety of a "preliminary peek" at the merits of a case when deciding a motion to stay discovery. *Compare Est. of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) ("examining the merits . . . on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay and inappropriately usurping the District Judge's authority to determine the merits of the Motion to Dismiss"), *with Love v. Grashorn*, No. 21-cv-02502-RM-NRN, 2022 WL 1642496, at *4 (D. Colo. May 24, 2022) ("The 'preliminary peek' factor has been used by this Court and numerous other courts in weighing whether to stay discovery.").

---

[3] In fairness, Mr. Young may have also solicited the court's "peek" at the merits. *See* Response at 8-9.

9

This court, however, has hewn closely to the view that the merits should not factor into the decision of whether to grant a stay. *See Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *6-8 (D. Colo. Sept. 13, 2023). The court discerns no reason to take a different approach here. To be sure, this case and *Young I* share many of the same defendants, largely the same facts, and similar claims. Yet, Mr. Young raises claims here that are legally distinct from those in *Young I*. The court notes that, although Mr. Young brought hostile work environment claims in both cases, Defendant have not argued that his hostile work environment claims in the instant case are duplicative of that raised in *Young I* and thus barred by the doctrine of res judicata or "claim preclusion." Accordingly, the court declines Defendants' invitation to take into account the merits of this case and will not purport to prejudge Judge Wang's disposition of the Motion to Dismiss.

In sum, the court finds that the burden Defendants will face if discovery proceeds is of the ordinary stripe common to all litigation and does not rise to the level of "undue." The second *String Cheese* factor, therefore, weighs against a stay.

**The Convenience to the Court**. While it is certainly more convenient for the court to stay a case until it is clear which claims, if any, will proceed, the same can be said whenever a motion to dismiss is filed. But courts have also highlighted that "[e]ntry of a stay may cause significant [further] delay of the resolution of [a case], which in turn makes the Court's docket less predictable and less manageable." *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016). And the undesigned understands that a critical component of her charge as a United States Magistrate Judge is to assist in the effective management of the case by resolving disputes that may arise

10

during the discovery process. The court therefore does not prioritize its own convenience in assessing whether a stay is appropriate.

Ultimately, the third factor does not weigh strongly in favor of granting or denying a stay.

***Interests of Non-Parties and the Public***. The court next turns to an assessment of the interests of persons with no direct involvement in this litigation.

As for the fourth *String Cheese* factor, the interests of non-parties, the court is not convinced that such persons, including Mr. Young's former colleagues, have a material interest in this case and the determination of whether or not discovery proceeds at this time. For one thing, it could be said in every case that witnesses might prefer to give testimony sooner rather than later. There is no reason to think that Mr. Young's former colleagues are somehow unique in this regard. Similarly, there is no concrete evidence before the court supporting Mr. Young's conjecture that these individuals are eagerly awaiting a ruling from this court.

With respect to the fifth *String Cheese* factor, the court does perceive some benefit to the public in moving this case forward at this time, especially where a closely related case has already been reviewed by the Tenth Circuit. As for the Tenth Circuit's decision in *Young I*, Mr. Young asserts that the opinion has generated interests across the country because the issue of diversity, equity, and inclusion training is in the public spotlight. *See Love*, 2022 WL 1642496, at *6 (noting the fact that a case has received national attention as a reason that the public interest weighs against a stay of discovery). This point may not be of enormous consequence, but it does slightly tip the scale in favor of proceeding with discovery in the matter at hand.

\* \* \*

In sum, balancing the *String Cheese* factors, the court finds that a stay of discovery is not

appropriate.

## CONCLUSION

For the reasons above, the court respectfully **DENIES** Defendants' Motion to Stay Discovery (ECF No. 38) and **DENIES** the Motion for Hearing (ECF No. 48). The court will enter a separate order setting a scheduling conference.[4]

DATED: October 25, 2024              BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").